UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JENNIFER DANIEL,

                                            Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER JOSEPH TARLENTINO (SHIELD NO. 4020), SGT. WILLIAM HALL (SHIELD NO 00530), P.O. JAY RIVERA (SHIELD NO. 3882)

                                  Defendants.

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

11-CV-4760 (NGG)(RLM)

------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.     This is a civil rights action alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on June 10, 2011, defendants falsely arrested her, employed excessive force, imposed an unlawful strip search, and made false allegations about her to the Kings County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, Article 1 of the New York Constitution, and New York common law. Jurisdiction is conferred upon this Court by 28

U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. Plaintiff is a citizen of the United States and a resident of Brooklyn in the City and State of New York.

5. The City of New York (the "City") is a municipal corporation organized under the laws of the State of New York.

6. Police Officer Joseph Tarlentino, Police Officer Jay Rivera and Sergeant William Hall (the "officers") are members of the New York City Police Department who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. The Does are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

7. On June 10, 2011, at approximately 6 p.m., Plaintiff was lawfully present in a vehicle at Linden Boulevard and Emerald Street in Brooklyn, New York.

8. Defendant Officers pulled over the vehicle and, indicating that they smelled marijuana, searched the vehicle and its occupants.

9. Defendant Officers recovered marijuana hidden inside the top portion of a bathing suit worn by Plaintiff's niece, who was seated in the front passenger seat.

10. The niece, "Tiara", told Defendant Officers that the marijuana was hers.

11. No marijuana was found on Plaintiff.

12. Plaintiff was placed under arrested and taken to the 75th Precinct.

13. Defendant Officer applied unreasonably tight handcuffs to Plaintiff's wrists.

14. At the precinct, Plaintiff was subjected to a strip search limited to the top half of her body.

15. Plaintiff was transported to Brooklyn Central Booking, where she was charged with unlawful possession of marijuana.

16. Defendant officers misrepresented to the Kings County District Attorney's Office that Plaintiff had committed the offense of unlawful possession of marijuana.

17. On June 12, 2011, Plaintiff was arraigned in Kings County Criminal Court, at which time she accepted an adjournment in contemplation of dismissal ("ACD") in satisfaction of the charges.

18. As a result of her arrest, Plaintiff was terminated from her employment with the Federation of Multicultural Programs.

19. Plaintiff was deprived of her liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to her reputation and loss of income.

20. On May 17, 2011 within 90 days of the events set forth above, plaintiff caused to be served on the Comptroller of the City of New York a Notice of Claim. To date, the City has made no adjustment or payment with respect to this Notice of Claim.

21. This action is commenced within one year and 90 days of the events described above.

## FIRST CLAIM

## (§1983 FALSE ARREST)

21. Plaintiff repeats the foregoing allegations.

22. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

23. Plaintiff was aware of her confinement and did not consent to it.

24. The confinement was not otherwise privileged.

25. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## SECOND CLAIM

## (STATE LAW FALSE ARREST)

26. Plaintiff repeats the foregoing allegations.

27. Defendants violated the New York State Constitution and the laws of the State of New York because they arrested plaintiff without probable cause.

28. Plaintiff was aware of her confinement and did not consent to it.

29. The confinement was not otherwise privileged.

30. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

*31.* Defendant City of New York, as an employer of the individual Defendant Officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

## THIRD CLAIM

## (§1983 UNREASONABLE FORCE)

32. Plaintiff repeats the foregoing allegations.

33. Defendants violated the Fourth and Fourteenth Amendments because they used a degree of force on Plaintiff that was unreasonable because it was unnecessary under the circumstances.

34. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## FOURTH CLAIM

### (STATE LAW ASSAULT AND BATTERY)

35. Plaintiff repeats the foregoing allegations.

36. Defendants violated the New York State Constitution and the laws of the State of New York because they arrested, assaulted, and battered plaintiff, employing a degree of force unnecessary and unreasonable under the circumstances.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

*38.* Defendant City of New York, as an employer of the individual Defendant Officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

39. The aforesaid conduct by the City of New York violated Plaintiffs' rights under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

40. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## SIXTH CLAIM

### (§1983 UNREASONABLE STRIP SEARCH)

41. Plaintiff repeats the foregoing allegations.

42. Defendant Officers violated the Fourth and Fourteenth Amendments because they subjected Plaintiff to a strip search without legal justification.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM

## (§1983 "MONELL" CLAIM)

44. Plaintiff repeats the foregoing allegations.

45. The City, through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff.

46. The City, through its police department, has had and still has hiring, training, promotion and retention practices that it knows will lead to the hiring, training, promotion of police officers unable to discharge their duties in accordance with the constitution.

47. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

48. The City, at all relevant times, was aware that these individual Defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

49. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

50. These policies, practices and customs were the moving force behind Plaintiff's injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Costs, interest and attorney's fees;

    d.    Such other and further relief as the Court may deem just and proper.

DATED:    March 20, 2012
                New York, New York

_____
**ROBERT MARINELLI**
Harvis, Marinelli, Saleem and Wright
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427